Dear Mr. Jewell:
This office is in receipt of your opinion request of recent date wherein you ask whether the members of the Pointe Coupee Water District Number Two's Board of Commissioners are subject to criminal liability under La.R.S. 14:134, Malfeasance in Office, by allowing its contract with M C Water, LLC, to continue, despite an advisory opinion from the Louisiana Ethics Board that such contract contravenes La.R.S. 42:1113(A) of the Code of Governmental Ethics.
La.R.S. 14:134, Malfeasance in Office, provides, in part:
 Malfeasance in office is committed when any public officer or public employee shall:
 (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
 (2) Intentionally perform any such duty in an unlawful manner; or
 (3) Knowingly permit any public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty unlawfully required of him, or to perform any such duty in an unlawful manner.
Any duty lawfully required of a public officer or public employee when lawfully designated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty. *Page 2 
As noted in State v. Boyte,973 So.2d 900 (La. App. 2 Cir. 2007), writ denied,983 So.2d 1272 (La. 2008):
 Under Louisiana law, prosecutions for malfeasance of office as defined by La. 14:134(1) and 14:134(2) presuppose the existence of "a statute or provision of the law which delineates an affirmative duty upon the official."[citations omitted]. This duty "must be expressly imposed by law upon the official because the official is entitled to know exactly what conduct is expected of him in his official capacity and what conduct will subject him to criminal charges." [citations omitted]. Id. at 911.
As written at the time of the March 18, 2008 advisory opinion of the Louisiana Ethics Board under Docket No. 2008-221, La.R.S. 42:1113 (A)(1) provided:
 No public servant . . . or legal entity in which he has a legal interest shall bid on or enter into any contract, subcontract, or other transaction that is under the supervision or jurisdiction of the agency of such public servant.
In the opinion of this office, as long as Mr. Cline is a member of the Pointe Coupee Police Jury and has a financial interest in M C, La.R.S. 42:1113(A)(1) prohibits the contract between M C Water, LLC, and the Pointe Coupee Water District Number Two. Since said contract is illegal, the Board of Commissioners of Water District Number Two has a duty to opt out of the contract prior to its renewal on October 31. Continuing to operate under the illegal contract would violate an expressly imposed duty on the Board of Water District Number Two and subject its members to criminal liability under La.R.S. 14:134. However, more investigation would be required to determine whether there would be proof sufficient for prosecution.
 Sincerely,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ David Weilbaecher, Jr., Assistant Attorney General